1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CYMEYON V. HILL,                          No.  2:21-cv-1798 KJN P

12              Plaintiff,

13       v.                                    ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   KATHLEEN ALLISON, et al.,

15              Defendants.

16

17          Plaintiff is a civil detainee, proceeding pro se.[1]  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22   Screening Standards

23          The court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

---

[1]  A civil detainee is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and 42 U.S.C.
25   § 1997e(h).  See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) ("[O]nly individuals who,
     at the time they seek to file their civil actions, are detained as a result of being accused of,
26   convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C.
     § 1997(e) and 28 U.S.C. § 1915.").  Accordingly, plaintiff is not subject to the Prison Litigation
27   Reform Act's requirements regarding the payment of administrative fees.  Civil detainees are also
     not subject to the PLRA's administrative exhaustion requirement.  Id.
28

court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

1    Plaintiff's Complaint

2            Plaintiff alleges that defendants are illegally using plaintiff's name on CDCR documents

3    for profit without plaintiff's written consent.  He contends that he is the sole owner and trustee of

4    all legal copyright and trademarks on plaintiff's full name.  Plaintiff alleges copyright and

5    trademark infringement.  Plaintiff does not specifically identify the name subject to his claims,

6    but signed his name "Jack Rabbit Patriot."  (ECF No. 1 at 4.)  Plaintiff also makes vague

7    references to the Uniform Commercial Code, and the "admiralty law of contract."  (ECF No. 1 at

8    3.)  Plaintiff sues as defendants Kathleen Allison, Jeff Lynch, Kimberly Siebel, and Jennifer

9    Weaver, all employees of California State Prison, Sacramento.

10   Discussion

11           To state a claim for copyright infringement, the plaintiff must allege 1) that he or she

12   owns a valid copyright in a work, and 2) the defendant copied original elements of the

13   copyrighted work.  Feist Publications, Inc. v. Rural Telephone Serv. Co., Inc., 499 U.S. 340, 361

14   (1991)); Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1076 (9th Cir. 2006);

15   (overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin, 952

16   F.3d 1051 (9th Cir. 2020).

17           The Copyright Act governs works of authorship such as "(1) literary works; (2) musical

18   works, including any accompanying words; (3) dramatic works, including any accompanying

19   music; (4) pantomimes and choreographic works; (5) pictorial, graphic, and sculptural works; (6)

20   motion pictures and other audiovisual works; (7) sound recordings; and (8) architectural works."

21   17 U.S.C. § 102(a).  The Copyright Act also governs compilations and derivative works to the

22   extent that the copyrighted material of the author is not unlawfully used. 17 U.S.C. § 103(a).

23           The Ninth Circuit has held that "[a] person's name or likeness is not a work of authorship

24   within the meaning of 17 U.S.C. § 102." Downing v. Abercrombie & Fitch, 265 F.3d 994, 1004

25   (9th Cir. 2001).  "[W]ords and short phrases such as names, titles, and slogans" fall under the

26   heading of "[m]aterial not subject to copyright."  37 C.F.R. § 202.1(a).[2]  Thus, titles, short

27   _____

28   [2]  While the Copyright Office regulation 37 C.F.R. § 202.1(a) "does not have the force of statute,
     it is a fair summary of the law."  CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc., 97 F.3d

phrases, and names cannot be copyrighted.  <u>Trenton v. Infinity Broadcasting Corp.</u>, 865 F.Supp.

1416, 1426-27 (C.D. Cal.1994) (citing 37 C.F.R. § 202.1(a); <u>Shaw v. Lindheim</u>, 919 F.2d 1353,

1362 (9th Cir. 1990)).  Because the names "Cymeyon V. Hill" or "Jack Rabbit Patriot" are not

subject to copyright as a matter of law, plaintiff's allegation cannot serve as the basis for a

copyright action and must be dismissed.

   B.  <u>Trademark Act</u>

   Plaintiff also alleges that his name is the material protected by trademark.  Liberally

construing the pro se complaint, as the court is required to do, plaintiff alleges that he has used

the strawman name "Jack Rabbit Patriot," and appears to argue that defendants are infringing

upon the use of such name (or "mark") for profit.  Therefore, the undersigned also considers

plaintiff's alternative trademark claim.

   "Plaintiff cannot trademark or obtain copyright protection for his own name."  <u>Turner v.</u>

<u>Peterson</u>, 2012 WL 2792416, at *1 (N.D. Cal. July 9, 2012) (citing <u>see</u> <u>Abraham Zion Corp. v.</u>

<u>Lebow</u>, 761 F.2d 93, 104 (2d Cir. 1985) (a personal name is a descriptive term that cannot, absent

acquisition of a secondary meaning, be trademarked).  Thus, plaintiff's allegations that defendants

are infringing on his common law trademark fail to state cognizable claim for relief.

<u>Leave to Amend Futile</u>

   Because plaintiff cannot amend his pleading to cure the above deficiencies, the complaint

must be dismissed without leave to amend.  <u>See</u> <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656

F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal

without leave to amend is proper when amendment would be futile).

   In accordance with the above, IT IS HEREBY ORDERED that:

   1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

   2.  The Clerk of the Court is directed to assign a district judge to this case; and

   IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

////

_____

1504, 1520 n.21 (1st Cir. 1996).

1      These findings and recommendations are submitted to the United States District Judge

2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3 after being served with these findings and recommendations, any party may file written

4 objections with the court and serve a copy on all parties.  Such a document should be captioned

5 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6 objections shall be served and filed within fourteen days after service of the objections.  The

7 parties are advised that failure to file objections within the specified time may waive the right to

8 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 Dated:  January 19, 2022

10

11 KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

12 /hill1798.56

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5